## Cluley *versus* Lockhart *et al.*

1. An execution against Conkle was put into the sheriff's hands, after which Lockhart, under a claim of ownership, removed from a boat a portion of oil belonging to Conkle ; subsequently the sheriff made a levy, and returned that he had levied on the *whole* oil.   *Held*, that the sheriff could not maintain trespass against Lockhart for the oil he removed.

2. The sheriff under the writ was not owner, but was merely armed with a power, and could not maintain an action founded on an injury to the possession.

3. The lien of the execution gives only a right to demand the property, and cannot be enforced in trespass.

[Cluley v. Lockhart.]

November 5th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county*: No. 81, to October and November Term 1868.

This was an action of trespass *de bonis asportatis*, commenced April 17th 1867, by Samuel B. Cluley, sheriff of Allegheny county, against Charles Lockhart and others, trading as Lockhart, Frew & Co.

On the 8th of December 1866 R. Lamberton & Co. recovered a judgment against A. Conkle for $4725, and on the same day issued an execution upon it which came into the hands of the sheriff on the same day. On the 9th of December a boat laden with oil belonging to Conkle, arrived at the refinery of the defendants; on the 10th, they, claiming that the oil belonged to them, pumped from the boats, and took away a quantity of the oil amounting, according to the witnesses of the plaintiff, to 134 barrels and 33 gallons. The sheriff returned that on the 11th he had levied "on one bulk boat containing 362 barrels and 17 gallons of oil;" that was the amount, according to the testimony, which the boat had contained before any had been taken from it by the defendants. The defendants claimed the oil as levied on, and after the preliminary steps an issue was awarded to try the right of property in the oil. Subsequently the following order was made by the court:—

"January 30th 1867, an issue having been awarded to determine whether the right of property in the oil claimed by Lockhart, Frew & Co., is in said claimants or not, and the said claimants having failed to file a declaration and give bond to said R. Lamberton & Co., as required by the rule of this court; therefore it is ordered and adjudged by the court, that the sheriff shall proceed with the said execution, and that the said Lockhart, Frew & Co. be barred and restrained from maintaining or prosecuting any suit or action against the said officer, with respect to or on account of the seizure and sale of the said property."

This action was brought for the recovery of damages for taking and carrying away the 134 barrels and 17 gallons of oil.

The plaintiff asked the court to charge:

"1. That the whole of the oil in controversy was subject to the lien of the execution of R. Lamberton & Co., from December 8th 1866, when it came into the county of Allegheny, and remained subject to the lien of said execution, and the right of possession was in the sheriff; therefore the taking of the oil by defendants was wrongful, and the plaintiff is entitled to recover the value of the oil taken and appropriated by the defendants, and interest thereon from the date of the taking.

"2. That if the jury are satisfied from the evidence that the oil was taken and appropriated by defendants on either December

10th or 11th 1866, in the county of Allegheny, and whilst the said oil was subject to the lien of the execution of R. Lamberton & Co., such taking was wrongful as against the plaintiff and he may recover the value of the oil, with interest thereon, in this action.

" 3. That the decree of the Court of Common Pleas is conclusive upon defendants as to all the oil in the boat which was subject to the lien of said execution, and it is immaterial whether or not the oil was taken and appropriated by the defendants before or after actual levy made by the sheriff; in either case the defendants are liable in this action."

The court (Williams, J.) charged:—

" But the plaintiff contends that even if the oil was taken by the defendants, and pumped into their tank on Monday, before the date of the levy, that still the defendants are liable for the said oil, inasmuch as the execution in the sheriff's hands was a lien thereon.    It is true that the execution was a lien on the oil, and that the sheriff might have levied on it in the tank of the defendants.

" But he did not levy on it in the defendants' tank.    He never took possession of any oil in the defendants' tank, nor did he make any levy thereon, and for this reason it seems to me that he is not entitled to maintain this action of trespass therefor.

" But the plaintiff further contends that the return of the sheriff and the adjudication of the Court of Common Pleas upon the interpleader rule is conclusive upon the defendants in this case as to the quantity of oil actually levied on by the sheriff, and that the defendants are estopped from denying the quantity levied on or returned by the sheriff.    But it seems to me that the adjudication of the Common Pleas is only conclusive as to the title of the oil, but not of the actual quantity levied on.    If the defendants did not take or remove any of the oil actually levied on by the sheriff's deputy, then the sheriff cannot maintain this action; if the defendants did, in point of fact, pump a portion of the oil on Monday, before the levy thereof by the sheriff's deputy, and did not pump or take any portion of the oil after the levy thereon, then there is nothing in the judgment or order of the Court of Common Pleas, upon the rule of interpleader taken by the sheriff, that will enable him to maintain this action.

" The points submitted by the plaintiff's counsel are sufficiently answered in the charge, and so far as they are not answered they are declined."

There was a verdict for the defendants, and the plaintiff took out a writ of error, assigning for error the charge of the court and refusing to affirm his points.

*A. M. Brown*, for plaintiff in error.—The sheriff's possession

[Cluley v. Lockhart.]

was at least constructive, and for such possession trespass will lie; 1 Chitty's Pl. 188–195; 2 Greenl. Ev. § 614; Thomas v. Snyder, 11 Harris 515.

*R. & S. Woods*, for defendants in error.

The opinion of the court was delivered, January 5th 1869, by
Agnew, J.—The single question presented by this case is whether the value of the oil taken and removed by the defendants below under a claim of title after the lien of the execution had attached, but before the actual levy, can be recovered by the sheriff in an action of trespass *vi et armis de bonis asportatis*. The sheriff had by his writ only a right to levy, but no actual possession. He was not an owner, but armed merely with a power, and therefore can maintain no action founded upon an injury done to the possession: Lewis v. Carsaw, 3 Harris 34. The lien of the execution which gives but a right to demand the property cannot be enforced in this form of action. The court below was right in instructing the jury that as to the oil removed before the levy this action would not lie, and the judgment is therefore affirmed.

Affirmed.